United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CEASER LEWIS,

        Plaintiff,

        v.

DELAROSA, et al.,

        Defendants.

No. C 15-2689 NC (PR)

**ORDER OF DISMISSAL**

Plaintiff Anthony Ceaser Lewis, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1]  Plaintiff is granted leave to proceed *in forma pauperis* in a separate order.  For the reasons stated below, the complaint is dismissed for failure to state a claim.

## DISCUSSION

**I.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff has consented to magistrate judge jurisdiction.  (Compl. at 4.)

28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**II.     Factual Background**

According to the complaint, Plaintiff asserts that his name, serial identification card number (which seems to be his prison identification number), and personal address were published on a public internet search engine site without his permission and can be found through an internet search of his name.  He alleges that he did not give anyone permission to publish that information, and claims that making that information public, as opposed to having it available on a government-owned website, subjects him to identity theft, fraud, and stalking.  In a grievance (attached to the federal complaint), Sgt. Delarosa responded to Plaintiff complaint by stating that he attempted to find the identification information about

Plaintiff using a Google search, but was unable to locate it. Plaintiff claims that the temporary publication of his identification information on the internet violated due process and the right against self-incrimination.

### III.   Legal Claims

Plaintiff's complaint fails to state a claim upon which relief may be granted. First, Plaintiff names as a defendant the Monterey County Sheriff's Department. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not done so. At most, Plaintiff appears to name the Sheriff's Department because that was where Plaintiff was housed when he discovered his information was available on the internet. Thus, the Monterey County Sheriff's Department is DISMISSED.

Second, Plaintiff has not alleged that any individual defendant is liable for any constitutional violation. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed;

liability may not be imposed based solely on an officer's presence during an incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009). Here, although Plaintiff names Sgt. Delarosa in the body of his complaint, Plaintiff does not link him to an allegation that he caused the deprivation of any federally protected right. Thus, Sgt. Delarosa is DISMISSED.

Third, Plaintiff names the California Department of Corrections as a defendant. However, the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). The Eleventh Amendment serves as a specific constitutional bar against hearing even federal claims which would otherwise be within the jurisdiction of a federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984). Congress did not abrogate the states' Eleventh Amendment immunity through section 1983 because a state or state agency is not a "person" for purposes of the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Thus, the California Department of Corrections is DISMISSED with prejudice.

Fourth, Plaintiff names Google, Inc. and Protect Application Computer, Inc. as defendants. Notwithstanding the fact that Plaintiff does not allege facts showing how either defendant's actions or inactions caused the constitutional violation, but both defendants appear to be private actors. A private individual does not act under color of state law, an essential element of a Section 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Accordingly, Google, Inc. and Protect Application Computer, Inc. are DISMISSED with prejudice.

Finally, even liberally construed, Plaintiff does not allege a federal question. To state a claim arising under federal law, it must be clear from the face of the complaint that there is a federal question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). The mere reference to a federal statute in a pleading will not convert a state law claim

4

into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists. *See id.* (state law claims which include incidental references to federal statute and U.S. Constitution and seek remedies founded exclusively on state law improperly removed to federal court). Plaintiff's conclusory assertions that the publishing of identification information on the internet violated his right to due process or right against self-incrimination are insufficient to state a cognizable federal civil rights claim.

Further, to the extent Plaintiff intended to raise a "right to privacy" allegation, that claim also fails. "While no 'right of privacy' is expressly guaranteed by the Constitution, the Supreme Court has recognized that 'zones of privacy' may be created by specific constitutional guarantees, thereby imposing limits upon governmental power." *Grummett v. Rushen*, 779 F.2d 491, 493 (9th Cir. 1985) (citing *Paul v. Davis*, 424 U.S. 693, 712-13 (1976). "The Supreme Court has pointed out that rights found in the guarantee of personal privacy are limited to those which are 'fundamental' or 'implicit in the concept of ordered liberty.'" *Id.* (quoting *Roe v. Wade*, 410 U.S. 113, 152 (1973)).

Plaintiff has not alleged that any private information about him was disclosed, or why he believes his address and identification number, which are normally public information, were confidential. *See generally Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975) (privacy interest fades when information is in the public record). "In two cases decided more than 30 years ago, [the United States Supreme Court] referred broadly to a constitutional privacy 'interest in avoiding disclosure of personal matters,'" but it has not squarely addressed the contours of a constitutional right to informational privacy. *National Aeronautics and Space Admin. v. Nelson*, 131 S. Ct. 746, 751 (2011) (assuming, without deciding, that such a right exists, but reversing the Ninth Circuit's holding that the government's challenged pre-employment questionnaires violated that right because they were not narrowly tailored to further its interest in making sound hiring decisions) (quoting *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977) (upholding the constitutionality of a state statute requiring disclosure to the state of patients' prescriptions for certain drugs because the compelled disclosure did not "pose a sufficiently grievous threat" to violate patients' interest

in avoiding disclosure of personal matters)).

The Ninth Circuit has recognized a "constitutionally protected interest in avoiding disclosure of personal matters including medical information," but that interest is conditional, not absolute. *Seaton v. Mayberg*, 610 F.3d 530, 538 (9th Cir. 2010); *see In re Crawford*, 194 F.3d 954, 958-59 (9th Cir. 1999) (recognizing informational privacy as a constitutionally protected interest but one that is not absolute); *Norman-Bloodsaw v. Lawrence Berkely Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (stating that "[t]he constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality," and holding that blood and urine tests administered to collect medical information implicated such a right under the Fifth or Fourteenth Amendments). In comparison to *Seaton* and *Norman-Bloodsaw*, Plaintiff's allegation that his right to informational privacy was violated when his non-private identification information was published on the internet is not included in even the outer confines of a federal right to informational privacy.

For the above stated reasons, Plaintiff's complaint is DISMISSED for failure to state a claim. Because Plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief, the dismissal is without leave to amend. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## CONCLUSION

Plaintiff's complaint is DISMISSED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: October 13, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

6